# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LUCILE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV177 CEJ |
| | ) | |
| RUSSELL DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff brought this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff seeks the release of certain information relevant to a lawsuit she previously brought in this Court and in which judgment was entered against her. Defendant moves for summary judgment on the grounds that the information plaintiff seeks is covered by certain exemptions within FOIA and because this action is barred by res judicata.

## Background

Plaintiff was employed by the United States Department of Agriculture ("USDA") from September 2001 through August 2002. See Rogers v. Johanns, 4:05CV2260 CEJ (E.D. Mo.). The USDA terminated plaintiff's employment because it determined that she failed to meet the performance standards of her job. Id. Plaintiff

believed that she had been terminated because of her race and age, and she filed a lawsuit in this Court. Id. The Court rejected plaintiff's claims of unlawful discrimination, and granted the government's motion for summary judgment on August 18, 2006.

In a letter dated December 18, 2006, plaintiff requested a copy of the Rural Development Hotline Complaint Report numbered PS-0401-1109 (the "Report"). The subject of the Report was a complaint plaintiff had made in September 2002 to the USDA Civil Rights Staff, alleging that she was terminated from her job because of her race and age. On January 19, 2007 the Rural Development Freedom of Information Act Unit ("RD FOIA Unit") responded to Plaintiff's request but withheld twenty pages of the Report. Plaintiff appealed the RD FOIA Unit's decision. On January 9, 2008, defendant released the previously withheld twenty pages to plaintiff, with nine pages released in partially redacted form and eleven pages released in full. On two pages, two names (one with accompanying telephone number) referenced in the investigator report were redacted from the disclosed documents. These two individuals had been involved in the agency's review and response to the hotline complaint made by plaintiff. On seven pages, the name of the individual who was the subject of the complaint was redacted, and on one page the name of an individual involved in the plaintiff's termination was redacted. Defendant claimed that it redacted the information

pursuant to Exemptions 6 and 7(C) of the FOIA. See 5 U.S.C. §§ 552(b)(6) and 552(b)(7)(C).

On February 5, 2008, plaintiff initiated this FOIA action against Russell Davis, Administrator of the USDA, requesting the redacted information. Additionally, plaintiff requests relief in the form of back pay, claiming that this information (the redacted names and other identifying information) is valuable to her and would have been beneficial to her previous employment discrimination case.

**Standard**

"Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Miller v. U.S. Dept. of State, 779 F.2d 1378, 1382 (8th Cir. 1985). "In order to discharge this burden, the agency 'must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements.'" Id. at 1382-83 (quoting National Cable Television Ass'n, Inc. v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)). "The district court must review the exemptions claimed de novo, and the burden is on the government to establish that the exemptions are justified." Wilkinson v. FBI, 633 F. Supp. 336, 339 (C.D. Cal. 1986) (citing 5 U.S.C. §

552(a)(4)(B)). "In order to satisfy this burden, the government may not rely upon conclusory and generalized allegations of exemptions. Rather, the affidavits justifying the claimed exemption(s) must be detailed enough to enable the court to make an independent assessment of the government's claim of exemption." Id. at 339-40 (citations and quotations omitted).

## Discussion

1.   FOIA Exemption 6

Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6 is not limited "to a narrow class of files containing only a discrete kind of personal information. Rather, '[t]he exemption was intended to cover detailed Government records on an individual which can be identified as applying to that individual.'" U.S. Dept. of State v. Washington Post Co., 456 U.S. 595, 602 (D.C. Cir. 1982). Id. (quoting H.R.Rep.No.1497, U.S.Code Cong. & Admin.News 1966, p. 2428). "[I]n evaluating whether a request for information lies within the scope of a FOIA exemption, such as Exemption 6, that bars disclosure when it would amount to an invasion of privacy that is to some degree 'unwarranted,' 'a court must balance the public interest in disclosure against the interest Congress intended the [e]xemption to protect.'" U.S. Dept. of Defense v.

Federal Labor Relations Authority, 510 U.S. 487, 495 (1994) (quoting U.S. Dept. of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 776 (1989)). "[T]he only relevant 'public interest in disclosure' to be weighed in this balance is the extent to which disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public understanding *of the operations or activities of the government*.'" Id. (quoting Reporters Comm., 489 U.S. at 775) (emphasis in original). The burden of establishing that the disclosure would serve the public interest, however, is on the requester. See NARA v. Favish, 541 U.S. 157, 175 (2004) (instructing that balance does not even come "into play" where requester has produced no evidence to "warrant a belief by a reasonable person that the alleged Government impropriety might have occurred"). Finally, the purposes for which the FOIA request is made is irrelevant to whether an invasion of privacy is warranted. Federal Labor Relations Authority, 510 U.S. at 496. Stated another way, "'the identity of the requesting party has no bearing on the merits of his or her FOIA request.'" Id. (quoting Reporters Comm., 489 U.S. at 771).

Defendant has submitted an affidavit stating the agency's justification for withholding the redacted information. The agency states that it redacted the information because "release of these names and telephone number could expose individuals mentioned in the complaint to unfair judgment and harassment simply

because they are identified in a complaint of this nature." The agency further states that it balanced the privacy interests of the individuals against public interest and determined that the privacy interests outweighed the minimal public interest, if any, that would be advanced by the disclosure.

Plaintiff has failed to respond to defendant's arguments in a meaningful way. Additionally, plaintiff has not articulated what public interest would be advanced by releasing the redacted information. Instead, plaintiff's interest in the redacted information is purely personal, i.e., she believes it will help her advance an employment discrimination action against the USDA.

Government employees have a privacy interest in their names and phone numbers, especially when associated with a complaint of misconduct. See, e.g., Stern v. FBI, 737 F.2d 84, 94 (D.C. Cir. 1984) (protecting identities of mid-level employees censured for negligence); Schonberger v. Nat'l Transp. Safety Bd., 508 F. Supp. 941, 944-45 (D.D.C. 1981) (results of complaint by employee against supervisor).

The employees whose names have been redacted from Hotline Complaint have an interest in protecting their identities because release of their names may subject them to embarrassment, harassment, or retaliation. And because plaintiff has failed to show that the public interest would be advanced in any way by the release of their names, the Court must find that the privacy interests outweigh the public interest. See Favish, 541

U.S. at 175. Thus, the identities and telephone number at issue in this case are protected from disclosure by Exemption 6.

   2.   FOIA Exemption 7(C)

Exemption 7(C) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy . . ." 5 U.S.C. § 552(b)(7)(C). Analysis of an Exemption 7(C) claim requires that the Court "balance the privacy interests involved against the public interest in disclosure." SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1205 (D.D.C. 1991). However, the privacy interests involved are given greater weight in the context of an Exemption 7(C) claim. Id. (recognizing the strong privacy interests inherent in law enforcement records). Exemption 7(C) applies not only to targets of investigations but also to persons merely mentioned in investigation files. Id. Personnel investigations of government employees are compiled for "law enforcement purposes" if they focus on "specific and potentially unlawful activity by particular employees" of a civil nature. Stern v. FBI, 737 F.2d 84, 89 (D.D.C. 1984).

The investigation at issue in this case qualifies as being for "law enforcement purposes," because the subject of the investigation was whether plaintiff's termination was unlawful. Consequently, Exemption 7(C) is applicable to this case.

For the reasons stated above, the Court finds that the privacy interests involved outweigh the public interest. In consequence, the identities and telephone number at issue in this case are also protected from disclosure by Exemption 7(C).

3.    Res Judicata

The doctrine of res judicata bars an action where "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involved the same cause of action and the same parties." Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002). "The same cause of action framed in terms of a new legal theory is still the same cause of action." Id. at 1015.

Defendant argues that because plaintiff is requesting relief in the form of back pay, which was the same relief she sought in her previous case, it is apparent that plaintiff is attempting to relitigate her employment discrimination case in the guise of a FOIA action. Plaintiff has not responded to defendant's argument.

To the extent that plaintiff is attempting to relitigate her previous employment case, the action is barred by res judicata. However, to the extent that plaintiff is asserting a true FOIA claim, the action is not barred by res judicata. The Court need not reach this issue because it is clear that defendant is entitled to summary judgment for the reasons stated above.

4. Plaintiff's Motion for Summary Judgment

The Court notes that plaintiff has filed a document that may be construed as a motion for summary judgment. The motion will be summarily denied because it is untimely, because it is unsupported by any evidence, and because it contains no relevant legal arguments.

**Conclusion**

For foregoing reasons, the Court concludes that the defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#17] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [#22] is **denied**.

Dated this 28th day of January, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE